AO 241 (Rev. 09/17)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: | |
|---|---|---|
| Name (under which you were convicted): Earl Lee Dorey | | Docket or Case No.: 1211 |
| Place of Confinement : Franklin Correctional Institution 1760 Highway 67 North Carrabelle FL 32322 | Prisoner No.: U37710 | |
| Petitioner (include the name under which you were convicted) Earl Dorey | Respondent (authorized person having custody of petitioner) v. State of Florida | |
| The Attorney General of the State of: Florida | | |

5:23-CV-671 CEMPRL

## PETITION

1.    (a) Name and location of court that entered the judgment of conviction you are challenging:

Sumter county courthouse
215 E Mccollum Avenue
Bushnell FL 33573

(b) Criminal docket or case number (if you know):    2019 - CF - 1211

2.    (a) Date of the judgment of conviction (if you know):    April 6th 2023

(b) Date of sentencing:    April 6 2023

3.    Length of sentence:    50 Months D.O.C

4.    In this case, were you convicted on more than one count or of more than one crime?    ☑ Yes    ☐ No

5.    Identify all crimes of which you were convicted and sentenced in this case:    I Battery on a Leo

II  Possession of Paraphernalia

6.    (a) What was your plea? (Check one)

☐    (1)    Not guilty    ☑    (3)    Nolo contendere (no contest)

☐    (2)    Guilty    ☐    (4)    Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____

_____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

        ☐ Jury    ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

        ☐ Yes    ☑ No

8.    Did you appeal from the judgment of conviction?

        ☐ Yes    ☑ No

9.    If you did appeal, answer the following:

(a) Name of court: _____

(b) Docket or case number (if you know): _____

(c) Result: _____

(d) Date of result (if you know): _____

(e) Citation to the case (if you know): _____

(f) Grounds raised: _____

_____

_____

_____

_____

_____

_____

(g) Did you seek further review by a higher state court?    ☑ Yes    ☐ No

    If yes, answer the following:

    (1) Name of court:   U.S District Court

    (2) Docket or case number (if you know):   5:22-CV-00657-WF-J-RL

    (3) Result:   Partial Dismiss Due to Heck v Humphrey

AO 241 (Rev. 09/17)

(4) Date of result (if you know): 10/5/2023

(5) Citation to the case (if you know): Document # 30

(6) Grounds raised: False Arrest Malicious Prosecution Excessive Force

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☑ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10.  Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ☑ Yes    ☐ No

11.  If your answer to Question 10 was "Yes," give the following information:

(a)  (1) Name of court: Sumter clerk of court

(2) Docket or case number (if you know): CF 1211

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: 3,850

(5) Grounds raised: Ineffective counsel & police Misconduct 4th Amendment constitutional violations

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☑ No

(7) Result: Denied and 30 Days to Appeal

AO 241 (Rev. 09/17)

(8) Date of result (if you know): 10/2/2023

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☑ No

(7) Result: _____

(8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ☑ Yes    ☐ No

(2) Second petition:    ☐ Yes    ☐ No

(3) Third petition:    ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**    Excessive Force

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

On September 26, 2019 officer's came to my house and without warrant or Probable cause they beat on my car with Flash lights at 11PM while I was Inside. I pulled forward then Backwards officers lied on Probable cause Affidavits. They pulled me from car hitting me In the head with a Muglite causing 7 staples to wound, officer had knee in my neck and Punched me 7 to 10 Times In face

(b) If you did not exhaust your state remedies on Ground One, explain why:    I Filed A 3.850

But D.D not File A Direct Appeal as my lawyer failed To Do his Job and I D.D not Know what to File So I Filed a 3.850

_____

_____

_____

Page 6 of 16

AO 241 (Rev. 09/17)

(c)   **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☐   Yes      ☑   No

(2) If you did not raise this issue in your direct appeal, explain why:   I DID not file A

Droct appeal

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes      ☐   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   3.850

Name and location of the court where the motion or petition was filed:   215 E   McCollum Avenue

Bushnell FL 33513 Sunter clerk of court

Docket or case number (if you know):   cf 1211

Date of the court's decision:   10/2/2023

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?        ☐   Yes      ☑   No

(4) Did you appeal from the denial of your motion or petition?        ☑   Yes      ☐   No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?        ☑   Yes      ☐   No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   215 E. Mccollum Avenue

Bushnell FL 33513

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One: I Filed A Excessive Force Claim

In 2019

**GROUND TWO:**     False Arrest

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

On September 26 2019 Sumter sheriff officers came to my house
unannounced with no warrant or Probable cause of Arrest.
Officers Fabricated charges against me to cover up there
Wrongfull Actions

(b) If you did not exhaust your state remedies on Ground Two, explain why: I DID not File A Direct
appeal as I'm not a lawyer and was Ignorant to law.

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: 

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
        ☑ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:  3.850

Name and location of the court where the motion or petition was filed:  215 E McCollum
Avenue Bushnell FL 33513

Docket or case number (if you know):

AO 241 (Rev. 09/17)

Date of the court's decision: 10/2/2023

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: 215 E Mccollum Avenue Bushnell

FL 33513

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two :

**GROUND THREE:** Police Misconduct

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

On september 26 2019 officers lied and falsified Police Documents, Officers lied and said I hit them with my car which was Probable cause of Arrest Aggravated Battery on a Leo which was Pending the whole time untill Plea Deal. Charges were never Filed.

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

_____

(c)    **Direct Appeal of Ground Three:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☑ No

   (2) If you did not raise this issue in your direct appeal, explain why:  I took A Plea Deal
   Because my lawyer told me I would be stupid not to
   Take 50 Months

(d)    **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

   ☑ Yes    ☐ No

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition:  3.850

   Name and location of the court where the motion or petition was filed:  215 E. Mccollun Avenue
   Bashnell FL 33513 Sumter clerk of court

   Docket or case number (if you know):  2019 CF 1211

   Date of the court's decision:  10/2/2023

   Result (attach a copy of the court's opinion or order, if available): _____

   _____

   _____

   (3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☑ No

   (4) Did you appeal from the denial of your motion or petition?    ☑ Yes    ☐ No

   (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑ Yes    ☐ No

   (6) If your answer to Question (d)(4) is "Yes," state:

   Name and location of the court where the appeal was filed:  Sunter clerk of court
   215 E. Mccollum Avenue Bushnell FL 33513

   Docket or case number (if you know): _____

   Date of the court's decision:  Pending

   Result (attach a copy of the court's opinion or order, if available): _____

   _____

   _____

   _____

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR:**    Ineffective  counsel

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

My lawyer was Ineffective Due To not filing a suppression
hearing or Takeing my case To Trial.
Evidence that should of been Supressed was the
Probable cause of Arrest

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why:    I Filed A 3.850

_____

_____

_____

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    3.850

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: Sumter clerk of court
215 E Mccollum Avenue Bushnell FL 33513

Docket or case number (if you know): 2019 CF 1211

Date of the court's decision: 10/2/2023

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No

(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Sumter clerk of court
215 E Mccollum Avenue Bushnell FL 33513

Docket or case number (if you know): 2019 CF 1211

Date of the court's decision: Pending

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Four:

AO 241 (Rev. 09/17)

13. Please answer these additional questions about the petition you are filing:

    (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

            having jurisdiction?    ☐ Yes    ☑ No

            If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

            presenting them:    IM In Process of Filing In the higher

            Courts.

    (b)    Is there any ground in this petition that has not been presented in some state or federal court? If so, which

            ground or grounds have not been presented, and state your reasons for not presenting them:

            All grounds have Been Presented In the united states

            District court with A 1983

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

    that you challenge in this petition?    ☑ Yes    ☐ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues

    raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy

    of any court opinion or order, if available.    united states District court 1983

    law Suit

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

    the judgment you are challenging?    ☑ Yes    ☐ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

    raised.    215 E. Mccollum Avenue Bushnell FL 33573

    Sumter clerk of court

AO 241 (Rev. 09/17)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing:    Christopher Shooper

Joseph Swick

(b) At arraignment and plea:    Joseph Swick out of Robert Manden office

(c) At trial:

(d) At sentencing:    Joseph Swick - Robert Mandel office

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?        ☑ Yes    ☐    No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

Sumter County Clerk of court  215 E Mccollum Avenue

Bushnell FL 33513

(b) Give the date the other sentence was imposed:    April 6 2023

(c) Give the length of the other sentence:    50 Months concurrent

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?        ☑ Yes    ☐    No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

AO 241 (Rev. 09/17)

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)   A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

  (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

  (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

> (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: _Overturn Conviction and Drop Case 2019 cf 1211, Fire officers for Misconduct and excessive force._

or any other relief to which petitioner may be entitled.

_Earl Dorey_

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _November 7, 2023_ (month, date, year).

Executed (signed) on _11/7/2023_    (date).

_Earl Dorey_

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____

# Sumter County
## Arrest Affidavit / First Appearance Form

| | | |
|---|---|---|
| MNI Number: **SCSO99MNI054126** | Jail Booking Number: **19-3379** | Arrest Number: **SCSOARR004588** |

| | |
|---|---|
| OBTS# **600201 7822** | Offense / Agency Case Number: |

| Court Case Number: **2019 CF 1211** | Felony ☒  Traffic ☐ | Misdemeanor ☒  Juvenile ☐ | County or Municipal ☐ Ordinance Warrant / CAPIAS |
|---|---|---|---|

| Defendant's Name: Last | First | Middle | DOB | SEX | RACE | HGT | WGT | HAIR | EYES |
|---|---|---|---|---|---|---|---|---|---|
| **DOREY** | **EARL** | **LEE** | 09/13/1988 | **M** | **W** | **5'09"** | **150** | **BRO** | **BRO** |

| Mailing Address: St. / P.O. Box | U.S. Citizen **Yes** | Residence Type: **Within state** |
|---|---|---|

| City | State | Zip |
|---|---|---|

| St. Add. (if different): Street **4066 NE 120TH XING** | Phone: Res. | Place of Birth **INVERNESS, FL** | Alias: |
|---|---|---|---|
| City **OXFORD** | State **FL** | Zip **34484** | | |

| Place of Employment: Street | Phone: Bus. | Occupation | Social Security No. ▓▓▓▓ |
|---|---|---|---|

| City | State | Zip |
|---|---|---|

| Driver Lic. No.: ▓▓▓▓ | Veh. Towed by: **Wildwood Towing** | Hold on Vehicle: **Yes** Agency: **SCSO** | Arrest Suffix |
|---|---|---|---|
| State: **FL** | | | |

| Arrest Date: **09/26/2019** | Arrest Time: **23:17:19** | Arrest Location: **4066 NE 120TH XING** |
|---|---|---|

Scars - Marks - Tattoos - Amputations (describe each)

## Charges

| Description *Look At count (1 and 4)* | Counts | Activity | Type | NCIC | CIS | Statute | Bond Amount | In Accordance to Bond Schedule |
|---|---|---|---|---|---|---|---|---|
| **DRUG EQUIP-POSSESS-AND OR USE** | 1 | | | 3550 | | 893.147.1 | $ 1,000.00 | |
| **AGGRAV BATTERY-ON OFFICER FIREFIGHTER EMT ETC** | 1 | | | 1318 | | 784.07.2d | $ 10,000.00 | |
| **BATTERY-ON OFFICER FIREFIGHTER EMT ETC** | 1 | | | 1319 | | 784.07.2b | $ 5,000.00 | |
| **RESIST OFFICER-WITH VIOLENCE** | 1 | | | 4801 | | 843.01 | $ 5,000.00 | |

| Indication of: Alcohol Influence **No**  Drug Influence **Yes** | Weapon Seized / Type **Other Weapon** | Juvenile Disposition |
|---|---|---|

| Bond Data: | Returnable Court Date: | Returnable Court Time: | Release Date: | Release Time: | Releasing Officer: |
|---|---|---|---|---|---|

| BOND, Charge A | Charge B | Charge C | Charge D | Charge E |
|---|---|---|---|---|
| NAME AND ADDRESS OF BONDSMAN: | | | | |

**ORIGINAL**

Approving Officer Signature:

Page 1 of 5

**Complaint / Arrest Continuation**

| Court Case: | Offense Number: | Arrest Number: SCSOARR004588 |
|---|---|---|
| Defendant: DOREY, EARL LEE | | Defendant DOB: 09/13/1988 |

Probable Cause Affidavit:

Before Me, the undersigned authority personally appeared, **OTERO JR, HECTOR LU** who being duly sworn, alleges, on information and belief, that between ___ in Sumter County Florida, the defendant did:

Defendant, Earl Lee Dorey, did violate F.S.S 784.07.2d aggravated battery on law enforcement officer by intentionally striking a Deputy Sheriff engaged is his lawful duty with a Nissan Altima, did violate F.S.S 784.07 battery on law enforcement officer by intentionally striking a Deputy Sheriff engaged in his lawful duty with a closed fist, did violate F.S.S 843.01 resisting law enforcement with violence, and did violate F.S.S 893.147(1) Possession of Drug Paraphernalia, to wit a pipe and scale with methamphetamine residue.

On Thursday, September 26, 2019 at approximately 11:11 PM, I responded to the area of 4066 NE 120th XIN Oxford, FL within Sumter County in an attempt to locate a subject with active warrants. As we approached the driveway of the residence a tan 2015 Nissan Altima bearing Florida tag KGMZ56 started to attempt to back up and leave. The Nissan was driven by the Defendant, Earl Lee Dorey who is similar in appearance to the subje with the active warrants. Law enforcement gave Earl several loud commands to, "stop Sumter County Sheriff Office" believing he was the subject with active warrants.

Earl started to back towards law enforcement and then stopped and attempted to drive forward to flee in the vehicle, but his path was blocked by a fence. Deputies continued to give Earl several commands to stop and turned and looked at us as we were giving him the commands to stop. He then intentionally reversed backwa into Deputy H. Hartmann with the driver side rear bumper of the vehicle. Earl's actions placed Deputy H. Hartmann in a well-founded fear for his life. Earl finally stopped the vehicle once law enforcement started hitti the side of the vehicle. *Aggravated BAttery on officer - Never Filed Charge*
*Probable cAuse of Arrest*

Deputy H. Hartmann opened the driver's door of the vehicle and gave Earl several lawful commands to exit th vehicle due to him committing aggravated battery on law enforcement with the vehicle. He refused to comply the lawful commands and had to be pulled from the vehicle by his left arm. He was placed on the ground as F actively attempted to pull away and resist law enforcement commands to place his hands behind his back. At time the Codefendant, Katie Leann Bell exited the residence and attempted to push law enforcement off of Ea an attempt to help him resist arrest.

Earl was on the ground refusing to give his hands to law enforcement when he started to punch the stomach a chest of Deputy H. Hartmann with a closed fist multiple times and attempt to punch Deputy H. Hartmann in the face. Deputy H. Hartmann delivered several compliance strikes until Earl stopped striking him. Earl was then placed in handcuffs as he continued to resist efforts to place him under arrest.

The Nissan was impounded for evidence and an inventory was conducted of the vehicle. Inside of the vehicle scale and glass pipe was recovered with a crystal substance from within the passenger compartment. The paraphernalia was recovered from within the vehicle near where Earl had been seated. The crystal substance was presumptive field tested for methamphetamine with a positive result. Earl was read Miranda from an age issued card and stated he wanted a lawyer.

**ORIGINAL**

It was discovered on 09/04/2019 Earl was released from the Sumter County Detention Center on $68,500 bor Earl is also a suspect in seven active felony cases within Sumter County, FL. This incident was witnessed by resident of the house, who provided a sworn written statement attesting to Earl punching the Deputy Sheriff as was being arrested.

Page 2 of 5

09/27/2019

**Complaint / Arrest Continuation**

| Court Case: | Offense Number: | Arrest Number: SCSOARR004588 |
|---|---|---|
| Defendant: DOREY, EARL LEE | | Defendant DOB: 09/13/1988 |

Earl suffered a small laceration to the back of his head during the incident and was transported to the Villages Regional Hospital for medical clearance. Upon medical clearance he was transported to the Sumter County Detention Center. His bond was set at $10,000 for aggravated battery on law enforcement with a deadly weap $ 5,000 for battery on law enforcement, $5,000 for resisting law enforcement with violence and $1,000 for possession of drug paraphernalia with a total bond of $21,000 per the bond schedule. A criminal history chec was conducted, which revealed Earl was convicted of two counts sale of a controlled substance in 2009 withir Sumter County, convicted of two counts sale controlled substance in 2011 within Sumter County, convicted o possession of paraphernalia, possession of controlled substance, resisting without violence in 2017 within Lak County and convicted of resisting without violence in 2018 within Sumter County Florida.

This probable cause affidavit was typed by Deputy H. Hartmann under the supervision of FTO Senior Master Deputy H. Otero.

SWORN to and SUBSCRIBED before me

This 27ᵗʰ day of September 2019

_____ 656

Notary Public - Certified Officer

AFFIANT

SCSO

Arresting Agency

SEAL

ORIGINAL

09/27/2019

**Complaint / Arrest Continuation**

| Court Case: | Offense Number: | Arrest Number: SCSOARR004588 |
|---|---|---|
| Defendant: DOREY, EARL LEE | | Defendant DOB: 09/13/1988 |

### FIRST APPEARANCE FINDINGS AND ORDERS

09/27/2019

**Complaint / Arrest Continuation**

| Court Case: | Offense Number: | Arrest Number: SCSOARR000287 |
|---|---|---|
| Defendant: DOREY, EARL LEE | | Defendant DOB: 09/13/1988 |

## FIRST APPEARANCE FINDINGS AND ORDERS

Based upon the foregoing Affidavit and/or Sworn Testimony of PETTITT, ROBERT S , the undersigned finds and determines:

☑ As to charge(s) A B C D , that there was at the time of arrest and is probable cause to believe the defendant has committed the offense with which he/she is accused and it is hereby Ordered and Adjudged that defendant is to be detained or post bond as otherwise affixed pending further proceedings.

☐ As to charge(s) , that there is a lack of evidence that the defendant committed the offense with which he/she is accused, and it is hereby Ordered and Adjudged that the Sheriff or Chief of Police having custody is directed to forthwith release defendant from custody on defendant's own recognizance , subject to defendant appearing at all subsequent court proceedings upon proper notice.

☐ As to charge(s) , that it is hereby Ordered and Adjudged the matter of probable cause is hereby continued until the next First Appearance Hearing after date hereof, at which Hearing the Arresting Agency shall present any further proof of probable cause that it may possess.

**RELEASE ORDER:**
The above name Defendant was brought before the undersigned on this date at _____ o'clock, _____M. for a first appearance hearing and the undersigned thereupon informed him/her of the charge against him/her and provided him/her with a copy thereof and also adequately advised him/her that (1) he/she was not required to say anything and that anything he/she did say might be used against him/her, (2) if he/she was financially unable to afford an attorney that the Court would appoint one to represent him/her, and (3) he/she had the right to communicate with his/her attorney, his/her family, or his/her friends and if necessary reasonable means would be provided to enable him/her to do so; and the undersigned having considered all available relevant factors necessary to determine whether bail is necessary to assure Defendant's future appearance, and found that same is _____ necessary, it is upon consideration thereof ORDERED AND ADJUDGED that the Defendant
☐ Be released on his/her own recognizance upon the condition that he/she appear as agreed below.
☑ Be admitted to bail in the amount of $ 1000 as to charge A 50,000 as to charge B, $10,000 as to charge C, $ 10,000 as to charge D, and $_____ as to charge E, upon the condition that he/she appear as agreed below.

## DETERMINATION OF SOLVENCY

(   ) The undersigned determines that the Defendant is solvent, is not indigent within the meaning of Rule 3.111(b)(4) FRCP and is not entitled to the services of the Office of the Public Defender.

## ORDER OF INDIGENCY AND APPOINTMENT OF PUBLIC DEFENDER

The above named Defendant appearing in Open Court, and said Defendant having filed in this Court his Affidavit of Indigency and testimony having been taken before this Court; and the Court being otherwise fully advised in the premises, it is thereupon

ORDERED AND ADJUDGED as follows:
1.    That the Defendant be, and he/she is hereby declared to be indigent within the meaning of Rule 3.111(b)(4) of the Florida Rules of Criminal Procedure; and
2.    That the office of the Public Defender for the Fifth Judicial Circuit in and for _____ Sumter _____ County, Florida or a private counsel, is hereby appointed to represent said Defendant in the above styled cause and in any other controversy pending between the State of Florida and the said Defendant.

DONE AND ORDERED this 28th day of September 2019 at Sumter County, Florida

_____
JUDGE

-------------------------------------------------------------------

## DEFENDANT'S OATHS & AGREEMENTS

### OATH OF INDIGENCY

The above named Defendant personally appeared before me and, being duly sworn, states:
(1)        I am the Defendant above name and desire the assistance of counsel in these proceedings.
(2)        I represent to the court, under penalty of perjury, that I am without money or means with which to employ a lawyer. I have no assets which could be converted cash, mortgaged or pledged to raise sufficient funds to employ a lawyer.
(3)        Pursuant to Section 27.56, Florida Statutes, I understand that in the event I am found guilty of a criminal act, I may be civilly liable for Court costs and a reasonable attorney's fee incurred in my defense. I further understand that I shall have the opportunity to be heard and offer objections to the determination of the value of the services of the Public Defender or appointed private counsel and costs, at the time of the final disposition of any case.

### REFUSAL OF APPOINTMENT OF COUNSEL

(   ) I hereby represent to the Court that I do not desire the services of the Office of the Public Defender and that I will employ private counsel.

### AGREEMENT TO APPEAR

I hereby acknowledge receipt of a copy of the above and I agree and promise to appear in Courtroom _____ , Florida, on the _____ day of _____ of the _____ Sumter _____ County Courthouse, in _____ , at _____ o'clock, _____. M., and at such other times as the Court may order, and also agree to notify the Clerk of the Court, in writing, of my new address should I move from the address below.

DATED: _____

SWORN TO AND SUBSCRIBED BEFORE
ME THIS _____ DAY OF _____ , _____

_____
Deputy Clerk/Judge

Defendant    Earl Dorey
Address    16450 SE 477
Ave Summerfield FL 34491